UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON EDWARDS,        ) | |
|    Plaintiff,                       ) | |
|                                           ) | |
| vs.                                    ) | Case No. 22-3154 |
|                                           ) | |
| SANGAMON COUNTY JAIL,  ) | |
|    Defendant                      ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint [8].

Plaintiff's first two filings were a letter with exhibits which was filed as a complaint pursuant to 42 U.S.C.§1983, and a motion to proceed *in forma pauperis*. [1 3]; *see also Bahler v Lopez*, 2007 WL 1375924 (7th Cir. May 10, 2007)(clerk may not refuse *pro se* plaintiff's initial submission, a letter, for failing to follow Fed. R. Civ. P. 8).

However, Plaintiff did not identify any Defendants. Instead, Plaintiff stated "someone entered his cell, stole paperwork, and filed a Motion for Voluntary Dismissal in one of his cases. It is difficult to decipher the remainder of Plaintiff's claim." November 4, 2022, Merit Review Order, p. 1.

Plaintiff provided a copy of a lawsuit he filed in the Southern District of Mississippi, but it was unclear if *Edwards v Anthony*, Case No. 22-391, was dismissed due to the Motion to Voluntarily Dismiss. A motion to dismiss was filed on July 25, 2022, and Plaintiff filed the lawsuit currently before the Court on August 11, 2022; but

his Southern District of Mississippi lawsuit was not ultimately dismissed until September 23, 2022.  *See* November 4, 2022 Merit Review Order, p. 2.

> If Plaintiff wishes to pursue this lawsuit, he must clarify his claim and defendant.  For instance, Plaintiff must identify a Defendant.  Who does Plaintiff believe took the voluntary dismissal form from his cell?  Does Plaintiff believe any Sangamon County Jail employee was involved or responsible for either taking the document or filing the motion to dismiss in Plaintiff's case?   Why was *Edwards v. Anthony*, Case No. 22-391, ultimately dismissed?  Did Plaintiff inform the Court he did not file the Motion to Dismiss?   Did Plaintiff file a grievance at the jail complaining about the incident? November 4, 2022 Merit Review Order, p. 2.

The Court also noted Plaintiff mentioned his mail, but it was unclear if he intended to state a claim.  Plaintiff was again reminded he "must identify a Defendant or Defendants and explain what actions they took in violation of his constitutional rights." November 4, 2022 Merit Review Order, p. 4.

Plaintiff's initial complaint was therefore dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to articulate a claim upon which relief could be granted pursuant to 28 U.S.C. §1915A. *See* November 4, 2022 Merit Review Order.

Plaintiff was given 21 days to file an amended complaint if he believed he could clarify his claims. Plaintiff was further admonished he "should answer the questions posed in this order and should use the complaint form provided." November 4, 2022 Merit Review Order, p. 2-3.

Plaintiff has submitted the supplied complaint form with the case number typed in. The document was filed as a motion for leave to amend which is granted pursuant to Federal Rule of Civil Procedure 15. [8].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In the list of Defendants section of the complaint form, Plaintiff has now identified five Defendants including Sangamon County Sheriff Jack Campbell, Former President Donald Trump, Mary Miller, the Sangamon County Sheriff's Office, and the "JB City Hall of Springfield, Ill." (Amd. Comp, p. 2-3). In the caption of his amended complaint, Plaintiff also lists Keffee Commissary Network, William Vic Bryant, Summer, "Ben + Extended Stay of America,' the "Judge of Sangamon Jail," the Public Defender, and "northender storage." (Amd. Comp., p. 1).

Also, in the caption of the complaint, Plaintiff lists four case numbers "and other cases." (Amd. Comp., p. 1). Two of the numbers appear to correspond to the same pending case in the Central District of Illinois, and one is a closed case. The Court is unsure what fourth case Plaintiff is referencing, but none of the listed cases are related to the case at bar, nor does Plaintiff provide any further clarification.

3

Plaintiff has skipped the blank on the complaint form asking for the time frame of Plaintiff's allegations. (Amd. Comp., p. 5).  Plaintiff's statement of his claim spans one paragraph which is difficult to interpret.

> Ben + the owner of Extended Stay of America, ever paid me when I work for there company. Jack Campbell, Lyn Evans, Donald Trump, Mary Miller, Keffe Commissary Network, Sangamon County Office, William Via Bryant Ferro, Summer, Mr. Brown in IA the person who run the county jail, J.B, City Hall of Springfield, Northend Storage, the Judges + Public Defender, and other company violated my civil rights and tried to kill me and other things of (?) nature. (Amd. Comp., p. 5).

Plaintiff does not state what relief he is requesting.

There are several problems with Plaintiff's amended complaint.  First, Plaintiff cannot proceed against many of his named Defendants.

For instance, Plaintiff filed this action pursuant to §1983 and therefore he must allege his rights were violated by a person acting under color of state law. *See Wyatt v Cole*, 504 U.S. 158, 161 (1992)(§1983's purpose is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights..."). It is unclear how Extended Stay, the owner of Extended Stay, Keffe Commissary Network, and Northend Storage could be considered state actors.

The Sangamon County Judge is immune from suit, and a public defender does not act under color of state law when performing the traditional functions of counsel. *See Stump v. Sparkman*, 435 U.S. 349, 356-7 (1978)(judge immune from suit): *Polk County v. Dodson*, 454 U.S. 312, 317 n. 4 (1981)(public defender not state actor).

4

Plaintiff also cannot sue the Springfield City Hall because it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Instead, a defendant must be "personally responsible" for the deprivation of Plaintiff's rights to liable pursuant to §1983. *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). It is unclear how Former President Trump would have any direct involvement in Plaintiff's claims.

Plaintiff also fails to clearly identify each Defendant. For instance, Plaintiff does not provide Defendant Mary Miller's job title or address. It is also unclear if "Summer" is portion of a name and if so, Plaintiff has not provided this individual's job title or address.

Second, Plaintiff has failed to articulate a constitutional violation. While Plaintiff has now identified Defendants, he has not explained what they did to violate his rights or when the allegation occurred.

Third, Plaintiff's amended complaint does not have any obvious relation to his first complaint. Instead, Plaintiff has stated an entirely new and unrelated claim. Plaintiff cannot use the opportunity to amend to restart his litigation from scratch and avoid the three strikes provision of 28 U.S.C. §1915(g).

Finally, Plaintiff has wholly ignored the directions provided in the Court's first merit review order which were intended to assist him in clarifying his claims. Instead, Plaintiff has filed a complaint including another vague allegation against unrelated Defendants, and without a clear factual or legal basis. The Court does not believe Plaintiff could cure the identified deficiencies if given another opportunity to amend. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (noting that the Court need not provide an opportunity to amend when doing so would be futile).

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15 [8].

2) Plaintiff's Amended Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff

plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 22nd day of February, 2022.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE